IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| SUNBELT RENTALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:21-cv-00789 |
| | ) | |
| BREVARD RENAISSANCE FAIR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"), files this complaint against Defendant Brevard Renaissance Fair, Inc. ("Brevard").

### PARTIES

1. Sunbelt is a corporation formed under the laws of the state North Carolina. Its principal place of business is in South Carolina.

2. Defendant is corporation formed under the laws of Florida. Its principal place of business is in Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. This Court has personal jurisdiction over Defendant because it conducts and transacts business in the State of Florida and is a citizen of the State of Florida.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

### BACKGROUND INFORMATION

6. Sunbelt rents equipment to its customers for use primarily in construction projects.

7.      Brevard is an event management company.

## BREVARD ESTABLISHES AN OPEN ACCOUNT

8.      On or about January 8, 2021, Pete Moolhuizen, President of Brevard, executed on Brevard's behalf a Sunbelt online credit application (the "Online Application"), a copy of which is attached as <u>Exhibit 1</u>.

9.      Sunbelt's approval of the Online Application established an open account through which Brevard could rent equipment from Sunbelt on credit.

10.     The contractual terms ("Online Open Account Terms") that apply to the open account with Brevard are attached as <u>Exhibit 2</u>.

## SUNBELT RENTS THE EQUIPMENT TO BREVARD; BREVARD DID NOT PAY SUNBELT FOR THE EQUIPMENT

11.     Beginning in January of 2021, Sunbelt rented certain equipment (the "Equipment") to Brevard.

12.     Brevard did not pay Sunbelt the rental charges for the Equipment.

13.     Unpaid invoices reflecting the Equipment Brevard rented from Sunbelt (the "Invoices"), and the associated rental fees, are attached as <u>Exhibit 3</u>.

14.     The Online Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

15.     An account summary that includes all rental charges, rental fees, and late fees the is attached as <u>Exhibit 4</u>.

16.     Exhibit 4 reflects that as of March of 2021, the total amount due to Sunbelt, including service charges and late charges, was $130,685.50.

17. The Online Open Account Terms provide that Sunbelt can recover from Brevard the reasonable attorneys' fees and costs it incurs to collect amounts Brevard owes to Sunbelt.

18. The Online Open Account Terms incorporate all the terms and conditions of Sunbelt's rental contract (the "Rental Contract") found on Sunbelt's website.

19. A copy of the Rental Contract is attached as <u>Exhibit 5</u>.

20. Brevard also agreed to the terms of the Rental Contract when it accepted each piece of the Equipment.

## COUNT I:  BREACH OF CONTRACT

21. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1–19 of this Complaint.

22. The Online Application, Online Open Account Terms, the Rental Contract, and the Invoices constitute the contract between Sunbelt and Brevard.

23. Brevard breached that contract by failing to pay Sunbelt for its rental of the Equipment.

24. Sunbelt suffered damages because of Brevard's breach of contract.

## COUNT II:  UNJUST ENRICHMENT

25. In addition to and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1–23 of this Complaint.

26. Sunbelt rented the Equipment to Brevard with the reasonable expectation that Brevard would pay to Sunbelt the rental charges for the Equipment.

27. Brevard accepted and used the Equipment for its benefit and knew that Sunbelt expected that Brevard would pay to Sunbelt the rental charges for the Equipment.

28. Brevard did not pay Sunbelt the rental charges for the Equipment, and it would be inequitable for Brevard to retain the benefit of such Equipment without paying for the same.

29. Accordingly, Brevard is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

## COUNT III: ATTORNEYS' FEES

30. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1–28 of this Complaint.

31. Because of the plain breaches by Brevard, it became necessary for Sunbelt to retain attorneys to litigate its claims.

32. In accordance with the Online Open Account Terms, Sunbelt is entitled to recover its reasonable attorneys' fees, both in the trial of this case and in connection with any subsequent appeal, from Brevard.

## PRAYER FOR RELIEF

WHEREFORE, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor granting the following relief against Brevard: (i) the unpaid principal amount of the Invoices and the service charges that have accrued to date; (ii) service charges that will continue to accrue until the unpaid principal amount of the Invoices is fully collected; (iii) attorneys' fees and other costs Sunbelt has incurred and will continue to incur to collect the amounts that Defendant owe to Sunbelt; (iv) pre-judgment interest; (v) post-judgment interest; and (vi) any other and further relief that this Court deems just and proper.

Date:   May 6, 2021                     Respectfully submitted,

*/s/ Marie Elizabeth Roper*
Marie Elizabeth Roper (FL 0100795)
BUTLER SNOW LLP
1020 Highland Colony Pkwy, Ste 1400
Ridgeland, MS 39158-6010
T: 601-948-5711
Beth.Roper@butlersnow.com

*Counsel for Plaintiff Sunbelt Rentals, Inc.*